<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 24-1053

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 13, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| CLAUDE FRANKLIN SANDERS, ) | |
| ) | |
| Petitioner-Appellant, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES TAX COURT |
| COMMISSIONER OF INTERNAL REVENUE, ) | |
| ) | |
| Respondent-Appellee. ) | |

<u>O R D E R</u>

Before: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

Claude Franklin Sanders, proceeding pro se, appeals a decision of the United States Tax Court upholding the Commissioner's determination that Sanders owed back income taxes and penalties. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the following reasons, we affirm.

On May 14, 2019, the Internal Revenue Service (IRS) issued Sanders a notice of deficiency, stating that he owed unpaid income taxes and penalties for the tax years 2009 through 2016. Sanders disputed the notice, claiming that he did not owe taxes for the years in question. He acknowledged that he was a United States citizen and that he had worked and earned money in Tennessee during those years, but he maintained that he "was not required to submit reports (like 1099s) to the IRS." The IRS replied that Sanders "operated a gold and silver brokerage business" from 2009 through 2016, "operated a consulting business . . . in at least 2007, 2011, 2012, and 2013," and earned hundreds of thousands of dollars during the years in question. It further alleged

that Sanders refused "to produce records or other information in connection with the examination of the 2009 through 2016 taxable years . . . with intent to evade tax."

After the Tax Court set the case for trial, Sanders moved for summary judgment, arguing that the IRS could not assess penalties against him because he "did not know where to file federal income tax returns" during the years in question and that "he is not a 'person' or an 'individual' upon whom the federal income tax is imposed." The Tax Court "sustain[ed] [the IRS's] determination that [Sanders] is liable for income tax and additions to tax in the amounts set forth in the notice of deficiency," and it entered a decision in the IRS's favor. It found that Sanders received, and failed to report or pay taxes on, $3,492,526 of gross, taxable income from 2009 through 2016. It also found that Sanders intended to evade the collection of income taxes during these years and that the IRS therefore properly assessed penalties under 26 U.S.C. § 6651(a)(1), (a)(2), and (f) and § 6654(a). The Tax Court expressly rejected Sanders's arguments that the IRS failed to comply with its obligation to publish a list of locations at which tax returns may be filed and that he is not an individual who is obligated to pay income taxes. Sanders moved for reconsideration and to vacate or revise the Tax Court's decision. The Tax Court denied both motions.

On appeal, Sanders argues that we should vacate the penalties that the IRS imposed because the IRS did not comply with its duty under the Administrative Procedure Act to publish regulations informing taxpayers where and with whom to file income tax returns. He contends that the failure to publish this information precludes a finding that his failure to file returns was due to willful neglect. Sanders also argues that he is not required to pay federal income taxes because he resides in the State of Tennessee, not in a United States "territory," and therefore is not "subject to the jurisdiction of the United States."

"We review the Tax Court's interpretation and application of law de novo, and its factual findings for clear error." *Losantiville Country Club v. Comm'r of Internal Revenue*, 906 F.3d 468, 472 (6th Cir. 2018). The Tax Court upheld the assessment of income taxes for the years in question because it found that Sanders received a total of $3,492,526 in taxable income during those years

and did not report that income despite being required to pay federal income taxes. On appeal, Sanders challenges this finding. He argues that he is not required to pay federal income taxes because he lives in a state rather than a United States territory. That argument is frivolous: "it has been tried before and was soundly rejected." *United States v. Phlipot*, No. 94-3893, 1995 WL 462413, at *1 (6th Cir. Aug. 3, 1995) (citing *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994)); *see also United States v. Hillman*, No. 02-1922, 2003 WL 1194309, at *1 (6th Cir. Mar. 11, 2003). United States citizens are required to pay federal income taxes, *see* Treas. Reg. § 1.1-1(a), and Sanders is a United States citizen.

Sanders also challenges the Tax Court's decision to uphold the penalties assessed by the IRS. The Tax Court upheld the penalties because it found that the IRS proved by clear and convincing evidence that Sanders knew that he owed federal income taxes and committed fraud to prevent the collection of those taxes. It expressly rejected Sanders's argument that his failure to file tax returns was "due to reasonable cause and not willful neglect" because he did not know where and with whom to file his tax returns. On appeal, Sanders does not challenge the Tax Court's fraud finding, but he does argue that he had reasonable cause for failing to file his tax returns because the IRS did not comply with its duty to publish a list of locations and points of contact for filing tax returns. As the Commissioner points out, this could serve as a defense only with respect to the penalties imposed under § 6651. Those penalties may be avoided if a taxpayer shows that his failure to file his tax returns "is due to reasonable cause." 26 U.S.C. § 6651(a)(1). In contrast, penalties imposed under § 6654 will be "imposed whether or not there was reasonable cause for the underpayment." *See* Treas. Reg. § 1.6654-1(a)(1).

Reasonable cause requires a "taxpayer to demonstrate that he exercised 'ordinary business care and prudence' but nevertheless was 'unable to file the return within the prescribed time.'" *United States v. Boyle*, 469 U.S. 241, 246 (1985) (quoting 26 C.F.R. § 301.6651(c)(1)). Sanders has made no showing that he exercised "ordinary business care and prudence" in attempting to file his tax returns for the years in question. § 301.6651(c)(1). The district court therefore properly upheld the penalties imposed under § 6651.

No. 24-1053
- 4 -

For the foregoing reasons, we **AFFIRM** the Tax Court's decision.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk